## Shuman v. Colasono

*John A. Mihalik,* of *Hummel, James & Mihalik,* for plaintiffs.

*Stuart A. Cilo,* of *Susquehanna Legal Services,* for defendant.

MYERS, *P.J.,* December 6, 1978—Plaintiffs filed a complaint in assumpsit against defendant seeking payment for rentals allegedly overdue. Defendant filed an answer, new matter, and counterclaim alleging damage to various items of personal property.

In their response to the counterclaim, plaintiffs included a pleading entitled "setoff." Defendant filed a preliminary objection contending that a setoff was not a proper pleading.

Defendant's position is correct, although not for the reasons set forth by defendant.

Defendant contends that a setoff is an impermissible pleading merely because it is not one of the pleadings specifically enumerated in Pa.R.C.P. 1017. However, a reply to a counterclaim is governed by Rules 1030 and 1031, not by rule 1017.

In a reply to a counterclaim, plaintiffs may include new matter, and any affirmative or other defenses. See 2 Goodrich-Amram 2d §1031(a):6. There is, however, no provision for a reply containing a "counter-counterclaim."

Plaintiffs suggest that they should be treated as "defendants" under Rule 1031, since they are responding to a counterclaim. The rules, however, do not countenance such an interpretation.

## ORDER

And now, December 6, 1978, defendant's preliminary objection is hereby sustained. Plaintiffs are hereby granted leave to file an appropriate responsive pleading within 20 days from service of this order.